UNITED STATES of America, Plaintiff,

v.

INDIANAPOLIS ATHLETIC
CLUB, INC., Defendant.

No. IP90–1783C.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Nov. 25, 1991.

Charles J. Cannon, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., Jeffrey Hunter, Asst. U.S. Atty., Indianapolis, Ind., for plaintiff.

John W. Boyd, Brian K. Peters, McHale, Cook & Welch, P.C., Indianapolis, Ind., for defendant.

ENTRY

BARKER, District Judge.

This is an action brought by the United States to recover $17,954.46 which was refunded by the Internal Revenue Service (IRS) to defendant Indianapolis Athletic Club, Inc. (IAC), as a consequence of a series of refund claims filed by the IAC. The IRS claims that these refunds were erroneously made and resulted from material factual misrepresentations by the IAC.

The IAC is a private athletic club which maintains dining facilities for the use of members and guests. In addition to an hourly wage, the IAC waiters and waitresses receive a share of a 15% service charge that is added to the total food and beverage bill of everyone served in the dining room. Of the amount collected as service charges, 87% is paid to IAC employees and the remaining 13% is allocated to income from food and beverages. IAC menus contain a notice of the 15% service charge. Article XVII, Section 3, of the IAC by-laws apparently requests all members and guests to comply with the service charge, and that therefore no gratuities need be paid to IAC employees.

Prior to the third quarter of 1985, the IAC had treated the service charge paid to employees as wages upon which federal withholding taxes were due. As of the third quarter of 1985, the IAC began to treat this portion of the service charge paid to the employees as tips, as a result of which certain federal taxes were no longer withheld and paid.

The IAC filed seven identical claims for refund for the seven preceding quarters from the second quarter of 1982 through the second quarter of 1985, inclusive. The IAC's Form 843 claims for refund were attached to the complaint as exhibits A through G, and each contains (essentially) the following explanation of the IAC's basis for claiming a refund:

> The Club inadvertently remitted the employer's share of FICA [Federal Insurance Contributions Act] tax on employee "tips". Taxable tips to employees are not subject to employer's share of FICA tax, therefore, the entire request for refund results from this oversight.

The IRS refunded to the IAC $12,630.60 in tax, plus interest for a total of $17,954.46, which the IRS seeks by this action to recover. It is the IRS's position in this litigation that the amounts paid to IAC employees were wages, not tips, on which FICA withholding was accordingly due.

Currently before the court is the IAC's motion for partial summary judgment. The IAC seeks summary judgment on all the plaintiff's claims except for the claim for recovery of the refund for the period from October 1, 1984, to December 31, 1984, allegedly paid on September 5, 1988, on the ground that the claims are barred by the applicable statute of limitations, 26 U.S.C. § 6532(b), which provides as follows:

> **Suits by United States for recovery of erroneous refunds.**—Recovery of an erroneous refund by suit under section 7405 shall be allowed only if such suit is begun within 2 years after the making of such refund, except that such suit may be brought at any time within 5 years from the making of the refund if it appears that any part of the refund was induced by fraud or misrepresentation of a material fact.

It is the IRS's response, and hence the disputed issue to be resolved by this court, that the refunds paid to the IAC were induced by material misrepresentations of fact.[1]

The IAC's motion for partial summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

■ Although citing no authority, the IRS lists three elements that must be established for the five-year limitations period to apply, and these elements closely track the language of Section 6532(b): "(1) a misrepresentation of fact was made; (2) that the misrepresentation was material; and (3) that the decision by the Internal Revenue Service to make the refund was induced by the material misrepresentation." Answer Brief of the United States of America in Reply to Motion for Partial Summary Judgment ("Answer Brief"), pp. 3–4. The court will follow this three-part analysis, except that under the statute, it is

---

1. The IRS does not contend that it is entitled to recover the refunds paid for periods other than the last quarter of 1984 unless the five year limitations period for cases of material misrepresentations is applied.

the fact rather than the misrepresentation which must be material.

The IAC's position is that its determination that the service charges constituted tips was not a misrepresentation of material fact but rather a conclusion of law. In support, the IAC cites *Presidio Enterprises, Inc. v. Warner Bros. Distributing Corp.,* 784 F.2d 674, 679 (5th Cir.1986), a case involving claims of fraud and misrepresentation, for the proposition that a fact is something "that (1) admits of being adjudged true or false in a way that (2) admits of empirical verification." (footnote omitted). The IAC argues that the conclusion that the service charges are tips is not subject to empirical verification but is "subject only to review based merely on one's analysis of applicable legal precedent...." Brief in Support of Motion for Partial Summary Judgment, p. 5. Moreover, the IAC maintains that if the IRS disagreed with its conclusion, the IRS was free to refuse refunds or seek recovery within the two year period, but failing that, the IRS's attempt to characterize the refunds as being based on material factual misrepresentations is "a bootstrap measure to avoid the consequence of inaction." *Id.*

■ In response, the IRS argues that the IAC in its claims for refund misrepresented that it had "inadvertently" remitted FICA withholding taxes on tips. Whether this statement was a misrepresentation or not, the plaintiff offers no authority to support the proposition that the adverb used by the IAC to describe its prior payment represents a "material fact." Moreover, neither in its Answer Brief nor in its complaint does the plaintiff argue that it was induced to make refunds based on the IAC's characterization of its actions as inadvertent. Indeed, in its complaint, the plaintiff identifies only one type of misrepresentation: "The material misrepresentation in each instance is the Defendant's knowingly improper characterization of the required service charges as 'tips' and not as wages." Complaint, para. 9. Nowhere does the plaintiff claim that it was induced to make refunds based on the use of the term "inadvertently," and the plaintiff does not even identify this as a misrepresentation in its complaint. The plaintiff has thus failed to raise factual questions about the elements of its own three-part test by advancing the use of the term "inadvertently" as a misrepresentation.

■ However, the plaintiff also argues that "the use of the word 'tips' constituted a material misrepresentation of fact." Answer Brief, p. 5. The plaintiff argues that the defendant made no mention of service charges in its claims for refund, and that the IRS was reasonably relying upon "the plain meaning of the words used by the IAC in its claims." *Id.,* p. 6. Whether the amount of the service charge remitted to IAC employees constitutes a "tip" in ordinary parlance is a matter of debate. The plaintiff does not argue how the monies at issue were so far afield of the ordinary understanding of the word "tip" that the IAC's use of the term constituted a misrepresentation of fact.

Instead, the plaintiff cited a number of revenue rulings and a district court case to "establish[] that service charges such as that utilized by the IAC constitute taxable wages upon which employers are required to withhold FICA taxes." Answer Brief, p. 6. The plaintiff then notes that "according to the Internal Revenue Service administrative file, the IAC has never cited any legal authority in support of its position." *Id.* In so doing, the plaintiff appears to concede the defendant's argument that this case involves a legal rather than a factual dispute. The existence of case law which might call into question whether the payments at issue were tips or wages does not establish that the use of the term "tips" was a misrepresentation of material fact.

The plaintiff does argue that the IAC did not fairly present the issue to the IRS, and that if the IAC had done so, a determination could have been made by the IRS which would have resulted in a denial of the refund claims. Whether this claim is true or not, it again does not establish what Section 6532(b) requires to invoke the five-year statute of limitations—misrepresentation of material fact. The plaintiff neither asserts nor supports the proposition that the IAC had an obligation to disclose additional information.

In particular, the plaintiff argues that the refunds would have been denied had the IAC revealed information regarding whether the payment of the service charge was voluntary and the identity of the ultimate recipients of the monies collected. The debatable nature of these factual questions is not the sort of factual dispute that will preclude a ruling on a motion for summary judgment; rather, the need to weigh various factors in defining the sums paid to IAC employees suggests that the use of the term "tips" was not fraudulent or a misrepresentation of material fact.

The plaintiff has failed to establish any factual dispute about whether the IAC's use of the term "tips" constituted a material misrepresentation. To the extent that the use of the term "tips" was a legal conclusion, the IRS was free, as the IAC noted, to either rely on this appellation or to investigate the circumstances and reach its own conclusion. "Having waited more than two years after making refund payments to change its mind regarding which course of action to follow, it cannot now bootstrap itself into the five-year limitations period by complaining that IAC misrepresented the facts...." Reply Brief in Support of Motion for Partial Summary Judgment, pp. 3–4. The court essentially agrees with the IAC that "[t]he effect of the position taken by the plaintiff is to give the IRS the ability to rewrite the statute of limitations enacted by Congress at any time it chooses to differ with a legal conclusion of a taxpayer." *Id.*, p. 4.

Having failed to establish factual disputes regarding any misrepresentations of material fact in the IAC's claims for refund, the plaintiff's claims for recovery of erroneously refunded taxes, except for the claim for refund for the last quarter of 1984, apparently paid on September 5, 1988, are barred by the two-year statute of limitations in 26 U.S.C. § 6532(b). The defendant's motion for partial summary judgment is granted.

It is so ORDERED.